UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
MAR 1, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Danny Bazan et al.,

    Plaintiff,

v.

Greyhound Lines, Inc. et al.,

    Defendant.

2:18-cv-09378 VAP (MAAx)

**Order GRANTING Plaintiffs' Motion to Remand (Doc. No. 23.)**

On February 5, 2019, Plaintiffs Danny Bazan, Angel Guerra, Carlos Silva, Cecil Turner, Elvis Hernandez, George Caulford, Hugh Ogara, Javier Navarro, Jesse Zuniga, Joe Lumbreras, Joe Galindo, John Hovhanessian, Joseph Gonzales, Kenneth Crawford, Marco Duarte, Randall Glover, Robert Ruiz, Robert San Ronan, and Frank Garcia (collectively, "Plaintiffs") filed their Motion to Remand ("Motion") the instant action to the Los Angeles County Superior Court ("Superior Court"). (Doc. No. 23.) Defendants Greyhound Lines, Inc., First Transit, Inc. and FirstGroup America, Inc. (collectively, "Defendants") filed an Opposition to Plaintiff's Motion on February 15, 2019. (Doc. No. 24). Plaintiff filed a Reply on February 22, 2019. (Doc. No. 25).

After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion to Remand. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the court

1

finds this matter appropriate for decision without oral argument; the hearing calendared for March 11, 2019, is therefore VACATED, and the matter taken off calendar.

## I. BACKGROUND

Plaintiffs first filed this case in Los Angeles Superior Court on April 26, 2018, bringing claims of (1) wage and hour violations; (2) rest break violations; (3) meal break violations; (4) age discrimination; (5) wrongful termination; (6) wage statement penalties; (7) waiting time penalties; and (8) unfair competition. (Doc. No. 23-2 at 31.) Defendants removed the case to federal court on June 21, 2018, where it was assigned to the Honorable Gary Klausner. (*Id.* at 2.) In their Notice of Removal, Defendants calculated that the damages and attorneys' fees were in excess of $200,000 per plaintiff. (*Id.* at 9-13.) Judge Klausner remanded the case back to Superior Court, finding that Defendants' calculations were "unpersuasive," and "too speculative." Doc. No. 10 at 1-2, *Danny Bazan et al. v. Greyhound Lines, Inc. et al.*, No. 18-cv-5532 RGK (GJSx) (C.D. Cal.).

On October 5, 2018, Defendants received Plaintiffs' settlement demand, (Doc. No. 1-8), and once more removed the action to federal court, (Doc. No. 1). Plaintiffs move for remand, arguing that the second removal is improper because no new grounds for removal exist. (Doc. No. 23 at 3.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441 *et seq.*; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.

2

United States District Court
Central District of California

1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400.

## III. DISCUSSION

The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, as is the case here, "once a district court has remanded a case, a defendant generally may not remove the case to federal court a second time." *Lodi Memorial Hospital Association, Inc. v. Blue Cross of California*, No. CIV. 12-1071 WBS GGH, 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise…"); *Allen v. UtiliQuest, LLC*, No. C 13-4466 SBA, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9, 2014) ("As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.").

### A. The October 2, 2018 Demand Letter Does Not Provide "a New and Different Ground for Removal"

An exception to the prohibition on second removal attempts is "when subsequent pleadings or events reveal a *new and different* ground for removal." *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (internal citations omitted, emphasis in original); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) ("Successive petitions are also permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time."). Defendants aver that

4

the second removal attempt is based on such a new ground, but this argument is unavailing.

In support of their contention that Plaintiffs' demand letter provides a basis for a second attempt at removal, Defendants rely on *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007), wherein the Ninth Circuit found that a settlement demand letter provided sufficient notice to a defendant of a lawsuit's amount in controversy. *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (finding that a settlement letter containing a reasonable estimate of the plaintiff's claim is evidence of the amount in controversy). Defendants argue that the letter thus falls under 28 U.S.C. § 1446(b)(3), which allows for removal upon the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants had *already* ascertained that the case might be removed on this basis, however, as their previous notice of removal indicates. *See* Doc. No. 23-2 at 9 (removing the action to federal court due to plaintiffs' individual amounts in controversy exceeding $75,000).

As the pertinent inquiry is whether there is "a *new and different* ground for removal," *Kirkbride*, 933 F.2d at 732, and as Defendants previously attempted to remove this action to federal court based on the amount in controversy, the Court finds the settlement demand does not provide new grounds for removal. *See also Carag v. Barnes & Noble, Inc.*, No. 2:15-CV-00115-KJM, 2015 WL 3706497, at *5 (E.D. Cal. June 11, 2015)

(finding that successive attempt to remove class action to federal court was invalid because previous judge "applied the same principles").

### B. The October 2, 2018 Demand Letter Does Not Provide New Evidence of Plaintiffs' Claims

While Defendants are barred from attempting a second removal on the same facts, they "can do so when there is new evidence." *Sweet v. United Parcel Service, Inc.*, No. CV09-02653 DDP (RZx), 2009 WL 1664644, at *4 (C.D. Cal. June 15, 2009). Defendants argue that Plaintiffs' settlement demand provides such new evidence, and note that courts in this and other districts have found that such communications are not privileged and thus may be relied upon when invoking removal jurisdiction. *E.g. Molina v. Lexmark International, Inc.*, No. CV 08-04796 MMM (FMx), 2008 WL 4447678, at *24 (C.D. Cal. Sept. 30, 2008) (finding that a reasonable damages analysis shared with defendant's counsel during mediation constituted notice of the amount in controversy).

The Court concurs that such communications may be relied on when invoking the amount in controversy as the basis for removal to federal court. The letter, however, provides no new evidence of Plaintiffs' claims. The settlement demand of October 2, 2018 (pertaining to Plaintiffs in this case, as well as in related actions against Defendants) instead presents an estimate of Defendants' liability, and appears to be the basis for negotiation, (Doc. No. 1-8), which the parties engaged in for several months before the filing of this motion, (Doc. No. 23-1). While listing the "maximum exposure" for each Plaintiff in this and related cases, it provides no "new evidence" of the basis for the claims or the calculated damages, which Defendants

previously possessed.  (Doc. No. 23-2 at 9-13.)  The letter thus offers no further proof of or specificity to what the previous remanding court found to be "speculative" damage estimates.  See Doc. No. 10 at 1-2, *Danny Bazan et al. v. Greyhound Lines, Inc. et al.*, No. 18-cv-5532 RGK (GJSx) (C.D. Cal.).

Because the October 2, 2018 letter merely signaled Plaintiffs' willingness to settle the case for a specific amount, as opposed to providing further evidence of the validity of Plaintiffs' claims, the Court finds that it offers no new evidence sufficient to merit a second removal attempt by Defendants.

### IV.   CONCLUSION

The Court therefore GRANTS Plaintiffs' Motion and REMANDS the action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated:   3/1/19

Virginia A. Phillips
Chief United States District Judge